No. 12986

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

_____

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

CARL JIMISON,

Defendant and Appellant.

_____

Appeal from: District Court of the Seventh Judicial District,
Honorable L. C. Gulbrandson, Judge presiding

Counsel of Record:

For Appellant:

Gene Huntley argued, Baker, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
Thomas A. Budewitz, Assistant Attorney General,
argued, Helena, Montana
Richard A. Simonton, County Attorney, argued,
Glendive, Montana

_____

Submitted: June 12, 1975

Decided: SEP 12

Filed: SEP 12

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Defendant Carl Jimison appeals from a judgment of the district court, Dawson County, after a jury verdict convicting him of two counts of theft and imposing a three year sentence of imprisonment in the Montana state prison.

The controlling facts here are not disputed. Defendant came into possession of some items of personal property in 1973, which were stolen by someone in 1973. Defendant has never been accused of the actual theft, but of criminal possession. Therefore, if the possession was in fact criminal, defendant was chargeable in 1973 under section 94-2721, R.C.M. 1947, which in pertinent part provided:

> "Receiver of stolen property. Every person who for his own gain or to prevent the owner from again possessing his own property buys or receives any personal property, knowing the same to have been stolen, is punishable by imprisonment in the state prison not exceeding five (5) years or in a county jail not exceeding six (6) months * * *." (Emphasis added).

The Forty-third Montana Legislative Assembly enacted a new criminal code "Criminal Code of 1973", effective January 1, 1974. The new criminal code transition section, section 94-1-103, R.C.M. 1947, provides:

> "Application to offenses committed before and after enactment.
>
> "(1) The provisions of this code shall apply to any offense defined in this code and committed after the effective date thereof.
>
> "(2) Unless otherwise expressly provided, or unless the context otherwise requires, the provisions of this code shall govern the construction of and punishment for any offense defined outside of this code and committed after the effective date thereof, as well as the construction and application of any defense to a prosecution for such an offense.
>
> "(3) The provisions of this code do not apply to any offense defined outside of this code and committed before the effective date thereof. Such an offense must be construed and punished according to the provisions of law existing at the time of the commission thereof in the same manner as if this code had not been enacted."

Here, on or about June 5 and 6, 1974, the sheriff's officers searched defendant's farm premises and seized the personal property upon which the prosecution was based. Defendant was charged under the new criminal code section 94-6-302, R.C.M. 1947, the "theft" statute under the new code, which in pertinent part reads:

> "Theft. (1) A person commits the offense of theft when he purposely or knowingly obtains or exerts unauthorized control over property of the owner, and:
>
> "(a) has the purpose of depriving the owner of the property; or
>
> "(b) purposely or knowingly uses, conceals, or abandons the property in such manner as to deprive the owner of the property; or
>
> "(c) uses, conceals, or abandons the property knowing such use, concealment or abandonment probably will deprive the owner of the property."

The state contends the new statute also includes the old offense of receiving stolen property and in its brief contends: "While evidence of the taking is unnecessary to sustain a conviction for theft under this statute, some evidence of the taking is required in order to demonstrate that the defendant was not the lawful owner of the property. Therefore any evidence of the taking in the present case was necessarily presented in order to establish the identity of the owner and <u>the criminal intent of the defendant. * * *</u>

"All that is necessary to support a conviction for theft under <u>94-6-302 is some exercise of control over the property of the owner</u>. That exercise of control need not be for any particular length of time but rather, any length of time which is sufficient to show an intent to deprive the owner of the use of the property is sufficient. The defendant here exercised control over the property in question which was demonstrated to have been owned by another person and without that person's authorization. The information charged him with having exercised that control 'on or

about the 5th and 6th days of June, 1974'. No allegation was made that defendant actually took the property from the owner nor that he exerted control over the property at any time other than on the 5th and 6th days of June, 1974. No such allegations were necessary. * * *" (Emphasis added.)

First, we consider the transition statute, section 94-1-103(3). The language of the statute is clear, unambiguous and mandatory. It is obviously intended to provide an orderly transition to the new code. It offers no exceptions unless expressly provided, yet the state bases its entire case on an alleged continuing offense to come around the language "any offense defined outside of this code and committed before the effective date thereof." The Code Commision Comment on this section refers to Chapter 513, Section 33, Laws of 1973, which clearly states the intent of the legislature:

> "The Montana Criminal Code and all other provisions of this act are effective January 1, 1974, and shall apply to all offenses alleged to have been committed on or after that date. The Montana Criminal Code and all other provisions of this act do not apply to offenses committed prior to its effective date and prosecutions for such offenses shall be governed by the prior law, which is continued in effect for that purpose, as if this act were not in force. For the purpose of this section, an offense was committed prior to the effective date of this act if any of the elements of the offense occurred prior thereto." (Emphasis added.)

Clearly, the alleged offense could only be prosecuted under section 94-2721, R.C.M. 1947, of the old code.

Second, for future guidance, the state is in error in its argument as it pertains to proof of criminal intent of the defendant through proof of taking and the exercise of control as sufficient proof to support a conviction of theft under the new code. This is a specific intent crime and the proof required is that for specific intent. In the instant case, suspicious circumstances in connection with the control do not meet this burden of proof, after an unrefuted explanation of possession by the defendant. See: Section 94-6-314, R.C.M. 1947, and Commission Comment thereunder.

Extensive arguments were presented on other aspects of this problem such as ex post facto application, statute of limitations, etc. We see no need to burden this opinion with a discussion of these because, as the transition period comes to an end, it is unlikely these problems will arise in the future.

The judgment of the district court is reversed and the cause ordered dismissed.

_____
Justice

We Concur:

-------------------------------
Chief Justice

-------------------------------

-------------------------------

-------------------------------
Justices.

- 5 -